# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
08/18/2021
CT Log Number 540095463

TO: Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

RE: **Process Served in Louisiana**

FOR: Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ELIZABETH T HICKS, Pltf. vs. COSTCO WHOLESALE CORPORATION, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C20214222L |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/18/2021 at 09:05 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2021, Expected Purge Date: 09/02/2021 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

LAFPC.CV.62990783

Requested by Atty.: TABB, JOSEPH A

# CITATION

**ELIZABETH T HICKS**

**15TH JUDICIAL DISTRICT COURT**

**VS**

**DOCKET NUMBER: C-20214222 L**

**COSTCO WHOLESALE CORP, ET AL**

**PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

TO:   **COSTCO WHOLESALE CORPORATION**
       **THROUGH ITS AGENT**
       **CT CORPORATION SYSTEM**
       **3867 PLAZA TOWER DRIVE**
       **BATON ROUGE, LA 70816**



SERVICE COPY

of the Parish of E. BATON ROUGE

     You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

     WITNESS THE HONORABLE JUDGES OF SAID COURT, this AUGUST 12, 2021.

_____
Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR DAMAGES AND VERIFICATION**

SHERIFF'S RETURN

LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____  TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE     MOVED ( )     NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE  ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____  MILEAGE $_____  TOTAL $_____

DEPUTY _____

Lafayette Parish
Filed Aug 12, 2021 10:02 AM
Simone Vaughan
Deputy Clerk of Court

C-20214222
L

| ELIZABETH T. HICKS | 15TH JUDICIAL DIST. COURT |
|---|---|
| VS. NO.  C-20214222 | PARISH OF LAFAYETTE |
| COSTCO WHOLESALE CORPORATION, ET AL | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

The petition of **ELIZABETH T. HICKS**, a person of the full age of majority and resident of Iberia Parish, State of Louisiana, respectfully represents that:

1.

The following parties are made defendants herein, to-wit:

1. **COSTCO WHOLESALE CORPORATION**, a foreign corporation registered, authorized, and doing business in the State of Louisiana; and

2. **XYZ INSURANCE COMPANY**, an Insurance Company registered and doing business in the State of Louisiana

2.

The defendants enumerated above are indebted unto petitioner jointly, severally and in solido for a sum that is reasonable under the circumstances, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings, for the following reasons, to-wit:

3.

On the aforesaid date of the February 26, 2021 incident, Ms. Hicks was a patron at the defendant's establishment located in Lafayette, Louisiana. When at the establishment, Ms. Hicks tripped and/or fell over equipment belonging to the establishment and injured her leg, hand, and other parts of her body.

4.

The defendant, COSTCO WHOLESALE CORPORATION, either created the dangerous condition and/or had been aware of the dangerous condition. Despite their actual or presumed knowledge, the defendant failed to take any corrective measures in preventing any hazardous conditions for its patrons.

5.

The incident sued upon herein was caused by the negligence of the defendant, COSTCO WHOLESALE CORPORATION.

6.

The negligent acts of COSTCO WHOLESALE CORPORATION, complained of herein include, but are not limited to, the following:

A. Failing to properly maintain and keep the property clear of obstruction/damage;
B. Failing to take corrective measures despite knowing of the potential danger due to weather conditions or otherwise;
C. Failing to act reasonable and prudent under the circumstances;
D. Failing to take adequate means or precautions to assure the safety of the petitioner;
E. Allowing the patron to traverse the premises when it knew there existed an unreasonably dangerous hazard;
F. Creating an unreasonable risk of harm to the petitioner;



**Certified True and Correct Copy**
CertID: 2021081200353

*ally Bingham*

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/12/2021 12:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

G. Failing to do what should have been done so as to avoid the incident;

H. Other acts of fault and/or negligence to be shown at a trial of this matter;

I. Failing to properly care for the carts; and

J. Failing to properly flag, park, manage, color and/or take other actions of carts.

7.

As a result of the incident, ELIZABETH T. HICKS has suffered injuries to her leg, hand, and other areas of her body. ELIZABETH T. HICKS has sustained the following damages for which she is entitled to recover from defendant, COSTCO WHOLESALE CORPORATION, to-wit:

A. Past, present and future medical, hospital, and surgical expenses and other medical related expenses;

B. Past, present and future physical pain and suffering, mental anguish and distress and inconvenience;

C. Permanent impairment, disfigurement, scarring, and disability;

D. Lost wages and earnings;

E. Loss of Society;

F. Loss of enjoyment of life; and

G. Other damages to be shown at a trial on this matter.

8.

Based on information and belief, defendant, COSTCO WHOLESALE CORPORATION, at the time of the above described incident, was covered by a policy of liability insurance issued by defendant, XYZ INSURANCE COMPANY.

9.

Based on information and belief, said insurance policy covers the damages sued for herein.

10.

The defendant owed duty of care to the plaintiff, which they breached, causing injuries and damages to plaintiff.

WHEREFORE, petitioner prays that:

1. The defendants herein be served with certified copies of this petition and cited to appear and answer same;

2. After due proceedings, there be judgment herein in favor of your petitioner, ELIZABETH T. HICKS, and against the defendants, COSTCO WHOLESALE CORPORATION and XYZ INSURANCE COMPANY, jointly, severally and in solido, for a sum that is reasonable under the circumstances, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings; and

3. All orders and decrees necessary and appropriate in the premises and for all general and equitable relief.

Respectfully submitted,

BAUDRY & TABB, LLC

_____
JOSEPH A. TABB
Bar Roll 31983
Attorney for ELIZABETH T. HICKS
P.O. Box 766
Franklin, LA 70538
Phone: (337) 828-0454
Fax: (337) 828-0456

Certified True and
Correct Copy
CertID: 2021081200353

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/12/2021 12:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**PLEASE SERVE:**

COSTCO WHOLESALE CORPORATION
ATTN: Legal Department
5615 CORPORATE BOULEVARD, STE. 400 B
BATON ROUGE, LA 70808

COSTCO WHOLESALE CORPORATION
Through Its Agent
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816


Certified True and
Correct Copy
CertID: 2021081200353


Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/12/2021 12:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Aug 12, 2021 10:02 AM
Simone Vaughan
Deputy Clerk of Court

C-20214222
L

| ELIZABETH T. HICKS | 15TH JUDICIAL DIST. COURT |
|---|---|
| VS. NO. **C-20214222** | **PARISH OF LAFAYETTE** |
| **COSTCO WHOLESALE CORPORATION, ET AL** | **STATE OF LOUISIANA** |

### VERIFICATION

STATE OF LOUISIANA

PARISH OF ST. MARY

BEFORE ME, the undersigned authority, duly commissioned and qualified in and for the Parish and State aforesaid, personally came and appeared ELIZABETH T. HICKS, individually, who being duly sworn deposed that:

She is the petitioner in this matter, and that all of the facts alleged in the foregoing Petition for Damages are true and correct to the best of her information, knowledge and belief.

ELIZABETH T. HICKS

SWORN TO AND SUBSCRIBED, before me this ___ day of _____, 2021.

JOSEPH A. TABB
BAR ROLL #31983

Certified True and
Correct Copy
CertID: 2021081200354

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/12/2021 12:58 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Elizabeth T. Hicks

v.

Costco Wholesale Corporation and
XYZ Insurance Company

15th Judicial District Court
Docket No. No. C-20214222-L

Parish of Lafayette
State of Louisiana

### DEFENDANT COSTCO WHOLESALE CORPORATION'S
### ANSWER, JURY REQUEST, AND REQUEST FOR NOTICE

**NOW INTO COURT,** through undersigned counsel, comes defendant Costco Wholesale Corporation ("defendant") and submits its answer, jury request, and request for notice in response to the plaintiff's petition for damages as follows:

1.

Defendant admits that it is a foreign corporation registered, authorized, and doing business in the State of Louisiana. Defendant lacks sufficient information to respond to the remaining allegations of this paragraph and calls upon the plaintiff to prove same.

2.

Denied.

3.

Denied.

4.

Denied.

5.

Denied.

6 (A-J).

Denied.

7 (A-G).

Denied.

8.

Denied.

9.

Denied.

10.

Denied.

## Affirmative Defenses

### 11.

Further answering, defendant affirmatively pleads that plaintiff's alleged damages were caused through either plaintiff's sole legal fault, or alternatively, contributory negligence or comparative fault, so as to result in either a complete bar to any recovery by plaintiff herein or in a proportionate reduction in any judgment which plaintiff may ultimately recover.

### 12.

Further answering, defendant affirmatively pleads that plaintiff's alleged damages were caused by the legal fault of third parties over whom defendant exercised no supervision or control, such that said third-party fault cannot be imputed to defendant.

### 13.

Further answering, the defendant states that the plaintiff's petition for damages should be dismissed for failure to state a cause of action.

### 14.

Further answering, defendant affirmatively pleads that plaintiff has failed to mitigate her damages.

### 15.

Further answering, defendant states that the condition complained of in the plaintiff's petition for damages was open and obvious to all who may encounter it.

### 16.

Further answering, defendant states that the plaintiff sustained no damages as a result of the defendant's alleged actions.

### 17.

Further answering, defendant states that at all times it conducted itself with reasonable care and did not have actual or constructive notice of the condition alleged in the plaintiff's petition for damages and denies that the alleged condition amounted to an unreasonably dangerous condition.

### 18.

Further answering, defendant affirmatively pleads that plaintiff's alleged damages were caused by plaintiff's own fault, so as to completely bar any recovery by plaintiff herein.

### 19.

Further answering, the defendant states that the plaintiff's petition for damages should be dismissed for insufficiency of service of process.

## Jury Request

Defendant requests trial by jury on all issues.

**Request for Notice**

In accordance with La.C.C.P. art. 1572, the defendant requests written notice of the trial date, hearing dates, and orders and judgments of the Court for the above-captioned matter.

WHEREFORE, defendant prays that this answer be deemed good and sufficient and that after due proceedings are had there be judgment rendered herein in their favor, dismissing plaintiff's petition for damages with prejudice, at plaintiff's cost, for trial by jury, and for all general and equitable relief.

Respectfully Submitted,
Costco Wholesale Corporation,
By its attorney,

Elizabeth A. Doubleday (#34916)
COUGHLIN BETKE, LLP
175 Federal Street
Boston, MA 021110
Tel: (617) 988-8040
Fax: (617) 988-8005
Email: edoubleday@coughlinbetke.com

## JURY ORDER

Let there be trial by jury upon applicants for jury trial complying with all rules of the 15th Judicial District Court pertaining to jury trials.

Lafayette, Louisiana, this _____ day of _____, 2021.

_____
JUDGE

## CERTIFICATE OF SERVICE

I, Elizabeth A. Doubleday, hereby certify that I have served a copy of the foregoing pleadings on counsel of record in these by email, facsimile transmission and/or United States Mail, postage prepaid, this **26** day of August, 2021 to:

Joseph A. Tabb
Baudry & Tabb, LLC
P.O. Box 766
Franklin, LA 70538
jtabb.law@gmail.com

Elizabeth A. Doubleday

3

Elizabeth T. Hicks

v.

Costco Wholesale Corporation and
XYZ Insurance Company

15th Judicial District Court
Docket No. C-20214222-L

Parish of Lafayette
State of Louisiana

## DEFENDANT COSTCO WHOLESALE CORPORATION'S ASSENTED-TO MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendant Costco Wholesale Corp. ("Costco"), with the assent of plaintiff Elizabeth T. Hicks ("Plaintiff"), hereby moves this Court pursuant to C.C.P. Art. 1426(A)(7) for the entry of a protective order against the unrestricted disclosure and use of confidential, proprietary, and trade secret documents and information in this matter. As grounds, Costco states that discovery in this matter to date has addressed issues such as Costco's loss reporting procedures for Costco's legal/risk management department, Costco's loss prevention systems (such as placement of security cameras) and Costco's internal policies/procedures for maintaining its warehouses. Accordingly, Costco seeks entry of the attached protective order, attached hereto as **Exhibit A**.

WHEREFORE, for the reasons set forth above, defendant Costco Wholesale Corp. respectfully requests, with assent of plaintiff Elizabeth T. Hicks, that this Court enter the proposed protective order in this matter.

Respectfully Submitted,
Costco Wholesale Corporation,
By its attorney,

_____
Elizabeth A. Doubleday (#34916)
COUGHLIN BETKE, LLP
175 Federal Street
Boston, MA 021110
Tel: (617) 988-8040
Fax: (617) 988-8005
Email: edoubleday@coughlinbetke.com

## CERTIFICATE OF SERVICE

I, Elizabeth A. Doubleday, hereby certify that I have served a copy of the foregoing pleadings on counsel of record in these by email and by United States Mail, postage prepaid, this __31st__ day of __March_____, 2022, to:

Joseph A. Tabb
Baudry & Tabb, LLC
P.O. Box 766
Franklin, LA 70538
jtabb.law@gmail.com

*/s/ Elizabeth A. Doubleday*
Elizabeth A. Doubleday

Elizabeth T. Hicks                            **15th Judicial District Court**
                                              **Docket No. C-20214222-L**

**v.**
                                              **Parish of Lafayette**
**Costco Wholesale Corporation and**          **State of Louisiana**
**XYZ Insurance Company**

<u>**PROTECTIVE ORDER**</u>

The parties have agreed to the terms of this Protective Order; accordingly, it is
ORDERED:

1.      <u>Scope</u>.  All documents produced in the course of discovery, including initial
disclosures, all responses to discovery requests, all deposition testimony and exhibits, other
materials which may be subject to restrictions on disclosure for good cause and information
derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order
concerning confidential information as set forth below.  This Order is subject to the Louisiana
Code of Civil Procedure and any rules and orders of this Court on matters of procedure and
calculation of time periods.

2.      <u>Form and Timing of Designation</u>.  A party may designate documents as
confidential and restricted in disclosure under this Order by placing or affixing the words
"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that
will not interfere with the legibility of the document and that will permit complete removal of the
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be
designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of
the production or disclosure of the documents.  The designation "CONFIDENTIAL - SUBJECT
TO PROTECTIVE ORDER" does not mean that the document has any status or protection by
statute or otherwise except to the extent and for the purposes of this Order.

3.      <u>Documents Which May be Designated CONFIDENTIAL – SUBJECT TO</u>
<u>PROTECTIVE ORDER</u>.  Any party may designate documents as CONFIDENTIAL - SUBJECT
TO PROTECTIVE ORDER but only after review of the documents by an attorney or a party
appearing pro se who has in good faith determined that the documents contain information
protected from disclosure by statute or that should be protected from disclosure as confidential
personal information, trade secrets, personnel records, or commercial information.  The
designation shall be made subject to the standards of Articles 863 and 1426 of the Louisiana
Code of Civil Procedure.  Information or documents that are available in the public sector may
not be designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER.

4.      <u>Depositions</u>.  Deposition testimony shall be deemed CONFIDENTIAL -
SUBJECT TO PROTECTIVE ORDER only if designated as such.  Such designation shall be
specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE
ORDER.  Depositions, in whole or in part, shall be designated on the record as
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition or 30
days of receipt of the deposition transcript.  Deposition testimony so designated shall remain
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until <u>thirty</u> (30) days, after delivery
of the transcript by the court reporter.  Within <u>thirty</u> (30) days after delivery of the transcript, a

designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order.  The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.

     5.    <u>Protection of Confidential Material</u>.

     a.    <u>General Protections</u>.  Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

     b.    <u>Limited Third-Party Disclosures</u>.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 1-5.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

     1.  <u>Counsel</u>.  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

     2.  <u>Parties</u>.  Parties and employees of a party to this Order.

     3.  <u>Court Reporters and Recorders</u>.  Court reporters and recorders engaged for depositions;

     4.  <u>Contractors</u>.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

     5.  <u>Consultants and Experts</u>.  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

     6.  <u>Others by Consent</u>.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

     c.    <u>Control of Documents</u>.  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

      d.     <u>Copies</u>.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6.     <u>Filing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents With the Court</u>.

      a.     <u>Filing Party's Confidential Documents</u>.  In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with LR 83.12 and AP 3.3 for filing the confidential document under seal.

      b.     <u>Non-Filing Party's Confidential Documents</u>.  In the event that the filing party seeks to  file, or reference in any filing, a document that the non-filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket.   If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a  public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with  the court.  The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal, indicating that the non-filing party seeks to maintain the confidentiality of the redacted material.  The party seeking to maintain the confidential status shall file a motion to seal within three (3) business days of the filing.  Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

7.     <u>No Greater Protection of Specific Documents</u>.  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8.     <u>Challenges by a Party to Designation as Confidential</u>.  Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party").  The following procedure shall apply to any such challenge.

      a.     <u>Objection to Confidentiality</u>.  Within thirty (30) days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of

the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

b.    Obligation to Meet and Confer.  The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

c.    Obligation to File Motion.  If the parties cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made.

9.    Court Not Bound By Parties' Designation.  Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

10.    Use of Confidential Documents or Information at Hearing or Trial.  A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11.    Obligations on Conclusion of Litigation.

a.    Order Remains in Effect.  Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal.  Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

b.    Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.  Within thirty days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order,

including copies as defined in ¶ 5.d., unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

   c. <u>Deletion of Documents Filed under Seal from ECF System</u>.  Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

  12. <u>Order Subject to Modification</u>.  This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed in accordance with the Louisiana Code of Civil Procedure and any Rules or Orders of this Court.

  13. <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Article 1426 of the Louisiana Code of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

  14. <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered,

Lafayette, Louisiana, this _____ day of _____, 2022.

_____
JUDGE

Elizabeth T. Hicks                                    15th Judicial District Court
                                                      Docket No. C-20214222-L

v.

                                                      Parish of Lafayette
Costco Wholesale Corporation and                      State of Louisiana
XYZ Insurance Company

## <u>PROTECTIVE ORDER</u>

The parties have agreed to the terms of this Protective Order; accordingly, it is
ORDERED:

1.      <u>Scope</u>.  All documents produced in the course of discovery, including initial
disclosures, all responses to discovery requests, all deposition testimony and exhibits, other
materials which may be subject to restrictions on disclosure for good cause and information
derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order
concerning confidential information as set forth below.  This Order is subject to the Louisiana
Code of Civil Procedure and any rules and orders of this Court on matters of procedure and
calculation of time periods.

2.      <u>Form and Timing of Designation</u>.  A party may designate documents as
confidential and restricted in disclosure under this Order by placing or affixing the words
"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that
will not interfere with the legibility of the document and that will permit complete removal of the
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be
designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of
the production or disclosure of the documents.  The designation "CONFIDENTIAL - SUBJECT
TO PROTECTIVE ORDER" does not mean that the document has any status or protection by
statute or otherwise except to the extent and for the purposes of this Order.

3.      <u>Documents Which May be Designated CONFIDENTIAL – SUBJECT TO</u>
<u>PROTECTIVE ORDER</u>.  Any party may designate documents as CONFIDENTIAL - SUBJECT
TO PROTECTIVE ORDER but only after review of the documents by an attorney or a party
appearing pro se who has in good faith determined that the documents contain information
protected from disclosure by statute or that should be protected from disclosure as confidential
personal information, trade secrets, personnel records, or commercial information.  The
designation shall be made subject to the standards of Articles 863 and 1426 of the Louisiana
Code of Civil Procedure.  Information or documents that are available in the public sector may
not be designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER.

4.      <u>Depositions</u>.  Deposition testimony shall be deemed CONFIDENTIAL -
SUBJECT TO PROTECTIVE ORDER only if designated as such.  Such designation shall be
specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE
ORDER.  Depositions, in whole or in part, shall be designated on the record as
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition or 30
days of receipt of the deposition transcript.  Deposition testimony so designated shall remain
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until <u>thirty</u> (30) days, after delivery
of the transcript by the court reporter.  Within <u>thirty</u> (30) days after delivery of the transcript, a

designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order.  The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.

     5.    <u>Protection of Confidential Material</u>.

     a.    <u>General Protections</u>.  Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

     b.    <u>Limited Third-Party Disclosures</u>.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 1-5.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

     1.  <u>Counsel</u>.  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

     2.  <u>Parties</u>.  Parties and employees of a party to this Order.

     3.  <u>Court Reporters and Recorders</u>.  Court reporters and recorders engaged for depositions;

     4.  <u>Contractors</u>.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

     5.  <u>Consultants and Experts</u>.  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

     6.  <u>Others by Consent</u>.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

     c.    <u>Control of Documents</u>.  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

      d.    <u>Copies</u>.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6.    <u>Filing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents With the Court</u>.

      a.    <u>Filing Party's Confidential Documents</u>.  In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with LR 83.12 and AP 3.3 for filing the confidential document under seal.

      b.    <u>Non-Filing Party's Confidential Documents</u>.  In the event that the filing party seeks to  file, or reference in any filing, a document that the non-filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket.  If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a  public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with  the court.  The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal, indicating that the non-filing party seeks to maintain the confidentiality of the redacted material.  The party seeking to maintain the confidential status shall file a motion to seal within three (3) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

7.    <u>No Greater Protection of Specific Documents</u>.  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8.    <u>Challenges by a Party to Designation as Confidential</u>.  Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party").  The following procedure shall apply to any such challenge.

      a.    <u>Objection to Confidentiality</u>.  Within thirty (30) days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of

the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

        b.    <u>Obligation to Meet and Confer</u>.  The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

        c.    <u>Obligation to File Motion</u>.  If the parties cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made.

9.    <u>Court Not Bound By Parties' Designation</u>.  Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

10.    <u>Use of Confidential Documents or Information at Hearing or Trial</u>.  A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11.    <u>Obligations on Conclusion of Litigation</u>.

        a.    <u>Order Remains in Effect</u>.  Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final  judgment not subject to further appeal.  Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

        b.    <u>Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents</u>.  Within thirty days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order,

including copies as defined in ¶ 5.d., unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

      c.      <u>Deletion of Documents Filed under Seal from ECF System</u>.  Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

    12.    <u>Order Subject to Modification</u>.  This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed in accordance with the Louisiana Code of Civil Procedure and any Rules or Orders of this Court.

    13.    <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Article 1426 of the Louisiana Code of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

    14.    <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered,

Lafayette, Louisiana, this _____ day of _____, 2022.

                                   _____

                                   JUDGE