UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ELIZABETH T. HICKS** | **CIVIL DOCKET NO. 6:22-CV-1251** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **COSTCO WHOLESALE CORPORATION, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Plaintiff, Elizabeth Hicks ("Plaintiff"), initiated this trip-and-fall lawsuit on August 12, 2021. [Doc. 1-1, p. 4]. Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendant, Costco Wholesale Corporation ("Defendant"). [Doc. 13]. After careful consideration, and for the reasons set forth below, the Court GRANTS Defendant's MOTION FOR SUMMARY JUDGMENT.

### BACKGROUND

### I. Facts

On February 26, 2021, Plaintiff and her husband visited a retail warehouse owned by Defendant in Lafayette, Louisiana. [Doc. 13-1, p. 1]; [Doc. 1-1, ¶ 3]. As they exited the store, the couple approached three flatbed carts grouped together directly outside of the storefront.[1] [Doc. 13-4]. Plaintiff then stopped and turned towards her husband as he retrieved a face mask that had fallen to the ground. [Doc. 13-6, p. 6]. Several seconds later, Plaintiff turned around again and took two more

---

[1] According to Misty Barrera, the Warehouse Manager of Defendant's Lafayette location, each flatbed cart is 61 inches in length, the bed of each cart is 9.25 inches above the ground, and the handle of each cart is 35 inches from the ground. [Doc. 13-5]. Plaintiff does not dispute these dimensions. *See generally* [Doc. 15].

steps towards the parking lot before tripping over one of the three flatbed carts situated immediately behind her. [Doc. 13-4]. Video footage from the incident indicates that the carts were painted bright orange and were completely stationary in the minutes immediately preceding Plaintiff's fall.[2] *See id.*; *see also* [Doc. 15-3] (still frames from the footage submitted by Plaintiff).

## II. Procedural History

On August 12, 2021, Plaintiff initiated state court proceedings in the 15th Judicial District Court, Lafayette Parish, Louisiana. [Doc. 13-3]. Plaintiff's state court petition claimed that, *inter alia*, Defendant failed to "properly flag, park, manage, color and/or take other actions of carts" and seeks damages stemming from her fall.[3] *Id.* at ¶¶ 6–7. Defendant properly removed the action to this Court on May 9, 2022, pursuant to this Court's diversity jurisdiction. *See* [Doc. 1]; [Doc. 11].

Defendant filed the instant Motion on December 5, 2022. [Doc. 13]. Defendant's Motion argues that because "the cart was open and obvious … the Court should dismiss [P]laintiff's claim against it." *Id.* at p. 9. Plaintiff has filed an Opposition. [Doc. 15]. The Motion is now ripe for ruling.

---

[2] This footage also indicates that, at the time of the incident, the weather was fair. *See* [Doc. 15-3]; *see also* [Doc. 15, p. 17] (where Plaintiff agrees that "[t]he subject incident occurred during the daylight hours, [and] the weather was good."). Additionally, according to her deposition testimony, Plaintiff did not notice the carts prior to the fall. [Doc. 13-7, p. 6]. However, after viewing the footage of the incident, Plaintiff and her husband both testified that there was nothing obstructing their view of the carts as they exited the warehouse. *Id.*; [Doc. 13-8, p. 3].

[3] Plaintiff's state court petition also named XYZ Insurance Company as a defendant. *See* [Doc. 13-3, ¶ 1]. The record, however, indicates that Defendant is self-insured for the claims at issue here. [Doc. 10, p. 2].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings in conjunction with affidavits and documentary evidence, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp v. Catrett*, 477 U.S. 317, 323–24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, a court must deny the moving party's motion for summary judgment. *Id.*

If the movant satisfies its burden, however, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

## II. <u>Louisiana's Merchant Liability Act</u>

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Louisiana law, Defendant's potential liability for Plaintiff's accident and injuries are governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6 (the "Merchant Liability Act").[4]

The Merchant Liability Act provides that a merchant must "keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). A "hazardous" or "unreasonably dangerous condition" is a condition that "creates an unreasonable risk of harm to customers under the circumstances." *Campbell v. Dolgencorp, LLC*, 2019-0036, p. 9 (La. App. 1 Cir. 1/9/20), 294 So. 3d 522, 529. Thus, under the Merchant Liability Act, a plaintiff injured by a condition of a merchant's premises must prove: (i) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (ii) prior to the occurrence, the merchant either created or had actual or constructive notice of the condition which caused the damage; and (iii) the merchant failed to exercise reasonable care.[5] *Massery v. Rouse's Enterprises, L.L.C.*, 2016-0121, p. 6 (La. App. 4 Cir. 6/29/16), 196 So. 3d 757, 761.

---

[4] Although Plaintiff's state court petition does not cite a specific statutory provision in support of her claims, both parties' briefing presumes that the Merchant Liability Act governs the claims at issue. *See generally* [Doc. 13]; [Doc. 15]. The Court agrees. *See Ellis v. Walmart Inc.,* 2022 WL 1112242, at *2 n.2 (W.D. La. Apr. 13, 2022) ("Louisiana law is clear that when a patron falls while at a merchant's place of business, the [Merchant Liability Act] applies to the resulting claims.").

[5] Importantly, "[t]he burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v.*

*Unreasonable Risk of Harm*

Louisiana courts have adopted a four-part balancing test to determine whether a condition presents an unreasonable risk of harm.[6] *Williams v. Liberty Mutual Fire Insurance Co.*, 2016-0996 (La. App. 1st Cir. 3/13/17), 217 So.3d 421, 425, *writ denied*, 2017-0624 (La. 6/5/17), 219 So.3d 338. This test requires that a court consider: (i) the utility of the complained-of condition; (ii) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (iii) the cost of preventing the harm; and (iv) the "nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature." *Temple v. Morgan*, 2015-1159, p. 10 (La. App. 1 Cir. 6/3/16), 196 So. 3d 71, 77, *writ denied*, 2016-1255 (La. 10/28/16), 208 So. 3d 889; *see also Russell v. Morgan's Bestway of Louisiana, LLC,* 47,914, p. 6 (La. App. 2 Cir. 4/10/13), 113 So. 3d 448, 452 ("Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify its potential harm to others.").

---

*Popeye's Famous Fried Chicken*, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081; *Ferrant v. Lowe's Home Centers, Inc.,* 494 F. App'x. 458, 460 (5th Cir. 2012)).

[6]    Although the unreasonable risk of harm determination is "a matter wed to the facts," a court "may determine by summary judgment that a defect is open and obvious and, therefore, does not present an unreasonable risk of harm." *See Temple v. Morgan*, 2015-1159, pp. 11–13 (La. App. 1 Cir. 6/3/16), 196 So. 3d 71, 77–79, *writ denied*, 2016-1255 (La. 10/28/16), 208 So. 3d 889; *see also Butler v. Int'l Paper Co.,* 636 F. App'x 216, 221 (5th Cir. 2016), *as revised* (Jan. 15, 2016) ("[T]he Louisiana Supreme Court has instructed that one factor may often be determinative under the risk-utility balancing test.").

### *Open and Obvious*

The second prong of this four-part balancing test "focuses on whether the defective condition is obvious and apparent, or as it has come to be commonly known, open and obvious." *Marks v. Schultz*, 2020-0197, p. 8 (La. App. 1 Cir. 12/10/20), 316 So.3d 534, 540 (internal quotations omitted); *see also Temple*, 196 So. 3d at 77. An open and obvious condition cannot be unreasonably dangerous as a matter of law. *Massery v. Rouse's Enterprises, L.L.C.,* 2016-0121, p. 6 (La. App. 4 Cir. 6/29/16), 196 So. 3d 757, 762 ("[I]t is well settled that a condition which is open and obvious is not unreasonably dangerous, and a merchant has no duty to protect against it."). An allegedly dangerous condition is only open and obvious when "the danger created by that [condition] [is] apparent to all corners, *i.e.*, everyone who may potentially encounter it." *Id.*; *see also Broussard v. State ex rel. Office of State Bldgs.,* 2012-1238, pp. 16–17 (La. 4/5/13); 113 So.3d 175, 188.

Here, Defendant argues that the location and condition of the flatbed cart constituted an open and obvious condition and, as a result, Plaintiff's claims should be dismissed. [Doc. 13-1, p. 1]. In support of this argument, Defendant points to: (i) the fact that the flatbeds were situated in an open area outside of Defendant's storefront; (ii) the fact that nothing obstructed Plaintiff's view of the carts prior to her fall; and (iii) the carts' otherwise large size and conspicuous coloring. *Id.* The Court agrees.

The Fifth Circuit considered nearly identical facts in *Chatman v. Home Depot USA, Inc.*, 355 F. App'x 842 (5th Cir. 2009). There, the plaintiff tripped over a "bright orange flat cart" in an "open, visible area of the store" after stepping backwards

without looking.[7] *Id.* at 843. The cart had been stationary for some time prior to her fall. *Id.* The Fifth Circuit held in favor of the merchant, concluding that "[a] bright orange flat cart of uncontested dimensions … [located] where [plaintiff] had been standing and shopping and looking around for a significant period of time, constitute[s] an open and obvious condition that, with a modicum of care and attention on [plaintiff]'s part, could have – and should have – been observed and avoided." *Id.* at 843.[8]

---

[7] The cart at issue in *Chatman* was similar in color and dimension to the carts at issue here. *See Chatman*, 355 F. App'x at 842 (noting that the "bright orange flat cart measur[ed] approximately three or four by four or five feet and st[ood] some two and a half feet tall") (internal quotations omitted).

[8] Plaintiff's Opposition makes much of the fact that the base of each flatbed cart sits low to the ground. *See* [Doc. 15, pp. 7, 12, 15]. The Court acknowledges that other cases have survived summary judgment where a momentarily distracted plaintiff trips over a low-lying obstacle. *See, e.g.*, *Nunez v. Dolgencorp, LLC*, 2013 WL 2458736, at *9–10 (W.D. La. June 6, 2013); *Butler v. Wal-Mart Stores, Inc.*, 2009 WL 1507580, at *3 (E.D. La. May 26, 2009); *Ray v. Stage Stores, Inc.*, 640 F. App'x 322, 325 n.10 (5th Cir. 2016) (collecting cases and noting that "[t]he logic of these decisions is that a shoppers attention is usually directed to merchandise, not the floor."); *see also Darby v. Brookshire Grocery Co.*, 37,460, p. 1 (La. App. 2 Cir. 7/30/03); 851 So.2d 358, 359–60 (recovery permitted where the plaintiff "was looking at the prices of the eggs when, without looking, she took a step back and tripped over a green stocking cart which had been left unattended by one of the store employees.").

The Court finds these cases inapposite, as they uniformly involved plaintiffs tripping while navigating the confines of a store aisle. *See Ray*, 640 F. App'x at 324–25 (noting that "the normal risk of a protruding obstacle was exacerbated in this case by the narrowness of the pathway between the rack and the register."); *Nunez*, 2013 WL 2458736 at *1, *9–10; *Butler*, 2009 WL 1507580 at *3; *Darby,* 851 So.2d at 359–60; *Guerrero v. Brookshire Grocery Co.*, 49,707, p. 1 (La. App. 2 Cir. 4/29/15), 165 So. 3d 1092, 1095 (plaintiff tripped on small box while looking for coffee); *Gauthier v. Dollar Tree Stores, Inc.*, 50,936, p. 1 (La. App. 2 Cir. 10/21/16), 208 So. 3d 503, 504, *writ denied*, 2016-2047 (La. 1/9/17), 214 So. 3d 869 (plaintiff tripped on box while reaching for shelf); *Broussard v. Fam. Dollar Store*, 2005-645, pp. 1–4 (La. App. 3 Cir. 12/30/05), 918 So. 2d 1148, 1150–52 *writ denied*, 2006-0303 (La. 4/28/06), 927 So. 2d 287 (plaintiff tripped on handbasket while reaching for a running child); *Jones v. Arch Ins. Co.,* 2013 WL 5441354 at *1 (W.D. La. Sept. 27, 2013) (plaintiff tripped on six-inch-high end cap display near checkout counter). Without more, however, the mere existence of an obvious tripping hazard does not create an unreasonable risk of harm. *Rodriguez v. Dolgencorp, LLC,* 2014-1725, p. 1 (La. 11/14/14); 152 So.3d 871, 872 ("[T]he mere presence of

In this case, video footage from the scene establishes that, after exiting the store, Plaintiff and her husband spent a full ten seconds walking directly towards the site of Plaintiff's fall.[9]  [Doc. 13-4]; [Doc. 15-3, pp. 1–9].  After Plaintiff's husband stopped to retrieve his face mask, Plaintiff spent another ten seconds standing mere feet from the cart that precipitated her fall.  [Doc. 13-4]; [Doc. 15-3, pp. 4–9].  All told, in the twenty seconds immediately preceding the incident, Plaintiff enjoyed an unobstructed view of three conspicuous, stationary carts bunched together in an area that was both open and well-lit.[10]  Any tripping hazard posed by the carts was thus "open and obvious" and not unreasonably dangerous as a matter of law.  *See Russell v. Morgan's Bestway of Louisiana, LLC*, 47,914, pp. 7–8 (La. App. 2 Cir. 4/10/13), 113 So. 3d 448, 453 (two "large and obvious" flatbed carts not unreasonably dangerous where the plaintiff could "observe the carts and easily avoid any risk of harm.");

---

obstacles in a store, such as shopping carts, does not create an unreasonable risk of harm when the condition is open and obvious.").

[9]  When considering claims arising under the Merchant Liability Act on a motion for summary judgment, "[t]he Fifth Circuit has indicated that courts should give greater weight …. to facts evidenced from video recordings taken at the scene."  *See Smith v. Circle K Stores, Inc.,* 2021 WL 4853846, at *5 (W.D. La. Oct. 18, 2021) (citing *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).

[10]  As noted above, Plaintiff testified at her deposition that she did not observe the carts prior to her fall.  [Doc. 13-7, p. 6].  However, Plaintiff's failure to notice the subject flatbeds does not change the fact that the carts were plainly visible.  *See Broussard v. State ex rel. Office of State Bldgs.,* 2012-1238, pp. 17–18 (La. 4/5/13); 113 So.3d 175, 188 ("If the complained-of condition ***should be obvious to all***, then it may not be unreasonably dangerous.") (emphasis in original); *see also Tromatore v. Jefferson Par. Hosp. Servs. Dist.,* 21-551, p. 6 (La. App. 5 Cir. 5/26/22), 341 So. 3d 1269, 1275–76 ("A pedestrian has a duty to see what should be seen and is bound to observe whether the pathway is clear."); *Taylor v. Wal-Mart Stores, Inc.,* 2006 WL 1476031, at *2 (W.D. La. May 23, 2006) (concluding that plaintiff's momentary distraction "did not transform the clearly visible pallet into an unreasonably dangerous condition.").

*Taylor v. Wal-Mart Stores, Inc.,* 2006 WL 1476031, at *2 (W.D. La. May 23, 2006) (granting summary judgment where "[plaintiff's] fall was a result of her failure to keep a lookout while walking."); *Schultz v. Rouse's Enterprises, L.L.C.*, 2021 WL 2533025, at *6–7 (E.D. La. June 21, 2021). Accordingly, summary judgment is appropriate as to Plaintiff's claims.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 13] is GRANTED.

IT IS FURTHER ORDERED that all claims asserted by Plaintiff against Costco Wholesale Corporation and XYZ Insurance Company are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 7th day of February 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE